# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Herman Warner,**
**Respondent Below, Petitioner**

**vs.)  No. 20-0199** (Kanawha County 19-AA-107)

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Herman Warner appeals the order of the Circuit Court of Kanawha County, entered on February 7, 2020, reversing the administrative reinstatement of his commercial driver's license after it was revoked by Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("the commissioner").[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review[2], the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

An officer with the Hurricane Police Department directed a traffic stop of Mr. Warner's automobile in Putnam County in 2017, after he saw the car being operated erratically. The officer

---

[1] Petitioner appears by counsel David Pence. Respondent appears by counsel Janet E. James.

[2] The standard of review is as follows:

"'On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.' Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996)." Syl. Pt. 1, *Dale v. Odum*, 223 W. Va. 601, 760 S.E.2d 415 (2014).

Syl. Pt. 1, *Frazier v. Bragg*, 244 W. Va. 40, 851 S.E.2d 486 (2020).

1

detected an alcoholic odor during the stop, and noted other signs of intoxication, leading him to perform field sobriety tests on Mr. Warner, the results of which indicated that Mr. Warner was impaired. The officer then administered a preliminary breathalyzer test that suggested Mr. Warner had a blood alcohol concentration of .145. An Intoximeter later showed a blood alcohol concentration of .136. Mr. Warner admitted to ingesting six beers prior to the traffic stop and the officer arrested him for driving under the influence of alcohol. After his arrest, Mr. Warner asked the officer to arrange a blood test, and the officer drove him to a local hospital where a sample was drawn. However, the officer failed to submit the sample for testing.

The commissioner revoked Mr. Warner's operator's license, and Mr. Warner requested an administrative hearing before the Office of Administrative Hearings ("OAH"). The OAH conducted a hearing, where the officer testified, but Mr. Warner did not. The OAH reversed the commissioner's revocation, explaining that Mr. Warner was denied the right to present potentially exculpatory evidence of his blood test results and was therefore denied his statutory and due process rights under West Virginia Code § 17C-5-9.[3] The commissioner appealed the OAH's final order to the Circuit Court of Kanawha County, which reversed the OAH's final order explaining that the blood test evidence "should have been given the weight it deserved, not used to exclude all evidence of driving while impaired." The circuit court further found the OAH erred in ignoring the weight of the evidence—including Intoximeter results—that conclusively established that Mr. Warner was driving under the influence.

We find that the circuit court engaged in thorough and logical reasoning consistent with our recent holding that

> "[t]here are no provisions in either W.Va. Code, 17C-5-1, *et seq.*, or W.Va. Code, 17C-5A-1, *et seq.*, that require the administration of a chemical sobriety test in order to prove that a motorist was driving under the influence of alcohol, controlled substances or drugs for purposes of making an administrative revocation of his or her driver's license." Syl. Pt. 4, *Coll v. Cline*, 202 W. Va. 599, 505 S.E.2d 662 (1998).

Syl. Pt. 3, *Frazier v. Talbert*, 245 W. Va. 293, 858 S.E.2d 918 (2021). As we went on to explain in *Talbert*,

---

[3] That section provides:

> Any person lawfully arrested for driving a motor vehicle in this state while under the influence of alcohol, controlled substances or drugs shall have the right to demand that a sample or specimen of his or her blood or breath to determine the alcohol concentration of his or her blood be taken within two hours from and after the time of arrest and a sample or specimen of his or her blood or breath to determine the controlled substance or drug content of his or her blood, be taken within four hours from and after the time of arrest, and that a chemical test thereof be made. The analysis disclosed by such chemical test shall be made available to such arrested person forthwith upon demand.

"'[w]here there is evidence reflecting that a driver was operating a motor vehicle upon a public street or highway, exhibited symptoms of intoxication, and had consumed alcoholic beverages, this is sufficient proof under a preponderance of the evidence standard to warrant the administrative revocation of his driver's license for driving under the influence of alcohol.' Syl. Pt. 2, *Albrecht v. State*, 173 W.Va. 268, 314 S.E.2d 859 (1984)." Syl. Pt. 5, *Reed v. Hill*, 235 W. Va. 1, 770 S.E.2d 501 (2015).

*Id*. at Syl. Pt. 4. Certainly, that instruction puts the fine point on the case before us. Mr. Warner's intoxication was evident in the conditions of the arrest, most obvious perhaps in his admission of having consumed six beers, but no less apparent in the officer's testimony establishing Mr. Warner's erratic driving, physical state, and conclusive toxicology results. Thus, we find that the circuit court did not err in ordering the reinstatement of the commissioner's revocation order when presented with these facts.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 20, 2022

**CONCURRED IN BY:**

Chief John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

WOOTON, J., dissenting:

I dissent to the majority's affirmance of the circuit court's reinstatement of petitioner's license revocation. As I have previously expressed, this Court does not sit as a finder of fact with respect to administrative DUI revocations. *See Frazier v. Null*, ___ W. Va. ___, ___, 874 S.E.2d 252, 259-265 (W. Va. 2022) (Wooton, J., dissenting). Moreover, neither does a circuit court sit as a finder of fact upon review of the Office of Administrative Hearings' (hereinafter "OAH") orders. The majority not only condones the circuit court's violation of its statutory role in these proceedings, but entirely ignores its own newly established law regarding handling of lost or destroyed driver-demanded blood testing results. *See* Syl. Pt. 6, *Frazier v. Talbert*, 245 W. Va.

3

293, 858 S.E.2d 918 (2021) (requiring trier of fact to consider various factors to determine the consequences of failing to provide driver-demanded blood testing results).

In this case, it is undisputed that petitioner requested blood testing, the results of which were never provided because the officer did not submit the sample for analysis. Accordingly, the OAH reversed the revocation order without reaching the issue of whether the driver was DUI. In violation of its statutory role to simply review findings of fact made by the OAH, the circuit court presumed to weigh and evaluate the evidence itself, determining petitioner to have been DUI. The majority whole-heartedly endorses this fact-finding, and instead affirms the circuit court.

Setting aside for a moment the majority's endorsement of this evisceration of the administrative judicial review process, the majority makes no mention whatsoever of the *Talbert* factors, which are implicated by virtue of the driver's demand for the blood testing. Syllabus point six of *Talbert* expressly holds that when driver-demanded blood testing results are not provided, the "trier of fact" must determine "what consequences should flow" from the absence of the blood testing results. *See id*. The glaring disregard of this syllabus point by the majority runs entirely contrary to its handling of this issue in identical matters which were also adjudicated and appealed to the circuit court prior to the issuance of *Talbert*, just as in the instant case. *See Null,* ___ W. Va. ___, 874 S.E.2d 252; *Frazier v. Simpkins*, No. 20-0313 (W. Va. Sept. 19, 2022) (memorandum decision); *Frazier v. Raschella*, No. 20-0103 (W. Va. Sept. 19, 2022) (memorandum decision); *Frazier v. Howie*, No. 20-0364 (W. Va. Sept. 19, 2022) (memorandum decision). In these cases, this same majority invoked the *Talbert* analysis under identical circumstances, and—albeit improperly—found the missing blood test results insignificant and adjudicated the issue of DUI itself. Here, it fails to dignify the missing results at all and rubber-stamps the circuit court's fact-finding and adjudication of the DUI revocation itself.

As pertains to appeals of administrative adjudications, neither the circuit court nor this Court sit as triers of fact. No conclusion about whether petitioner was DUI can be reached at all until the trier of fact has assessed the significance of the missing blood testing results under the *Talbert* factors; that analysis has not been performed at *any* level in this case. As I have previously observed, the failure of the OAH to reach the issue of DUI has consistently been held by this Court to require remand for that factual determination. *See Null,* ___ W. Va. at ___, 874 S.E.2d at 260 (Wooton, J., dissenting) ("For decades this Court has found this failure to resolve credibility issues and/or reach the ultimate issue of DUI to be reversible error necessitating remand for resolution of such disputes" and collecting cases). The lack of a fact-finder to which to remand this matter— for evaluation of the *Talbert* factors and the issue of DUI—mandates affirmance of the license reinstatement by the OAH. This result is consistent with the Legislature's edict that administrative DUI revocations that remain unresolved as of the dissolution of the OAH must be dismissed. *See* W. Va. Code § 17C-5C-1a(c)(1) (2020) ("If any appeal of a revocation or suspension order, described in § 17C-5C-3(3) of this code, is pending before the [OAH] on or after July 1, 2021, the underlying revocation or suspension order shall be dismissed.").

Neither this Court nor the circuit court can sit as a fact-finder merely because they "lack[] a procedurally sustainable method for remanding this action." *Id.* at ___, 874 S.E.2d at 260 (Wooton, J., dissenting). To do so constitutes not only a due process deprivation of the highest

4

order, but a violation of fundamental tenets of appellate review.  *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not . . . weigh evidence as that is the exclusive function and task of the trier of fact."); *BouSamra v. Excela Health*, 210 A.3d 967, 979-80 (Pa. 2019) ("[I]t is not an appellate court's function to engage in fact finding." (citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986))).

Accordingly, I respectfully dissent.